UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD DUGGER,<br><br>     Petitioner,<br><br> v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security<br>Administration,<br><br>    Respondent. | Case No. 4:16-cv-00552-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Currently pending before the Court is Richard Dugger's Petition for Review of the

Respondent's denial of social security benefits, filed on December 23, 2016. (Dkt. 1.)

The Court has reviewed the Petition for Review and the Answer, the parties' memoranda,

and the administrative record (AR). For the reasons that follow, the Court will affirm the

decision of the Commissioner.

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, on April 5, 2012. This application was denied initially and on reconsideration, and a hearing was conducted on July 9, 2013, before Administrative Law Judge (ALJ) Arthur Cahn. ALJ Cahn issued a decision on July 12, 2013, finding Petitioner not disabled. On December 8, 2014, the Appeals Council remanded Petitioner's claim because the ALJ failed to properly evaluate Petitioner's alleged symptoms related to his ability to use his hands and arms. A second hearing was held on April 30, 2015, before ALJ Lloyd Hartford. After hearing testimony from Petitioner and a vocational expert, ALJ Hartford issued a decision on August 6, 2015, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied his request for review on October 24, 2016.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date of January 11, 2010, Petitioner was forty-one years of age. Petitioner completed the tenth grade, and his prior work experience includes work as an auto glass installer.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ

found Petitioner had not engaged in substantial gainful activity since his alleged onset date of January 11, 2010. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's thoracic outlet syndrome, brachial plexus neuropathy, complex regional pain syndrome, degenerative disc disease in the cervical and thoracic spine, and asthma, severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically considering Petitioner's thoracic outlet syndrome, brachial plexus neuropathy, and complex regional pain syndrome under Listing 11.14, which pertains to peripheral neuropathies. The ALJ determined none of Petitioner's impairments met or equaled the criteria for the listed impairment considered.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work. In assessing Petitioner's residual functional capacity, the ALJ determines whether Petitioner's complaints about the intensity, persistence and limiting effects of his symptoms are credible.

Here, the ALJ determined Petitioner's complaints were not entirely credible based upon certain inconsistencies in Petitioner's testimony and the medical evidence of record. Additionally, upon considering the medical opinion evidence, the ALJ gave significant weight to the assessments by non-examining state agency physicians Ward Dickey, M.D.,

and Michael Spackman, M.D., and limited weight to the physical capacity assessment by Petitioner's treating physician, Nita Weber, D.O., and to the assessment by Richard Head, M.D., who performed a consultative examination.

Accordingly, the ALJ found Petitioner retained the residual functional capacity to perform sedentary work. The ALJ found Petitioner retained the ability to lift and carry 10 pounds occasionally, push and pull 10 pounds occasionally, stand/walk for 2 hours per day, sit for 6 hours per day, and occasionally stoop, kneel, crouch, and crawl.

The ALJ found Petitioner had past relevant work as an auto glass installer, but because it required medium physical exertion as generally performed, and heavy exertion as actually performed, the ALJ concluded Petitioner did not retain an ability to perform his past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.

Here, the ALJ found Petitioner retained the ability to perform the requirements of representative occupations such as order clerk, telephone information clerk, and janitor/cleaner. With the exception of the janitor/cleaner job, which is classified as light-unskilled work, the remaining occupations are classified as sedentary unskilled work. Consequently, the ALJ determined Petitioner was not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner contends the ALJ erred at steps two and four. At step two, Petitioner argues the ALJ erred by failing to find Petitioner's depression was a medically

determinable impairment. At step four, Petitioner asserts the ALJ erred with regard to his credibility finding, arguing it was error for the ALJ to fail to account for Petitioner's exemplary work history when assessing Petitioner's credibility. Additionally, Petitioner contends that, had the ALJ adequately weighed the opinions of Dr. Weber and Dr. Head, a finding of disability was warranted. Each challenge to the ALJ's decision will be discussed below.

## 1.    Step Two – Severity

At step two, a claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R, §§ 404.1509,404.1520(a)(4)(h). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005). The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b).

In his decision, the ALJ found Petitioner's alleged impairment of depression was not medically determinable. The ALJ found that, while Petitioner alleged he was depressed due to his chronic pain symptoms, Petitioner sought no treatment for depression. (AR 31.)  The record reveals none as well. Accordingly, the ALJ found petitioner's mental impairments did not cause more than minimal limitations upon Petitioner's ability to perform basic mental work activities, and therefore were nonsevere.

(AR 31.) However, as noted above, the ALJ found Petitioner had numerous other severe impairments at step two. Petitioner argues the ALJ erred in determining his mental limitations from depression are nonsevere.

Here, the ALJ resolved step two in Petitioner's favor, finding other severe impairments and continuing with the sequential evaluation. Therefore, even assuming the ALJ erred at step two, the error is harmless. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *see also Gray v. Comm'r of Soc. Sec. Admin.*, 365 Fed.Appx. 60, 61 (9th Cir. 2010) (rejecting argument that the ALJ erred at step two by determining certain impairments were nonsevere, because any alleged error was harmless since "the ALJ concluded that [claimant's] other medical problems were severe impairments"); *Mondragon v. Astrue*, 364 Fed.Appx. 346, 348 (9th Cir. 2010) ("Any alleged error at step two was harmless because step two was decided in [claimant]'s favor with regard to other ailments.").

To the extent Petitioner alleges that the ALJ erred in evaluating the medical evidence of his mental impairments when determining his RFC, the Court addresses those arguments below. *See* Soc. Sec. Ruling 96-8p (1996). ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). In sum, even if the ALJ erred in failing to identify depression as a severe impairment at step two, the error is harmless.

## 2.    Petitioner's Credibility

ALJ Hartford found Petitioner's allegations and testimony concerning his subjective limitations due to pain were not entirely credible. The ALJ listed several reasons for discounting Plaintiff's testimony: (1) his activities were inconsistent with his alleged limitations; (2) he inconsistently reported improvement in his pain symptoms with medication; and (3) he reported difficulty using his hands and fingers, but medical examinations demonstrated normal sensation and reflexes. (AR 37.)

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Reddick*, 157 F.3d at 722. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (holding that an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch*, 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722.

The reasons an ALJ gives for rejecting a claimant's testimony must be supported

by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

When evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

Petitioner does not directly challenge the ALJ's ultimate assessment of his credibility or the finding that the medical evidence of record is inconsistent with Petitioner's testimony. Rather, Petitioner contends the ALJ was required to consider Petitioner's "stellar work history" as part of his credibility determination, and he cites several authorities which he argues support his position. The crux of Petitioner's argument is that the ALJ was required to consider Petitioner's work history, and the

failure to do so constitutes reversible error.

Respondent pointed out that the ALJ relied upon several other clear and convincing reasons supported by substantial evidence in the record to support the adverse credibility finding. Further, Respondent noted the ALJ did cite to Petitioner's work history, observing that Petitioner sought treatment after the work injury occurred in March of 1999, but "continued to work with no significant drop in earnings." (AR 35.)[2] Respondent argued also that the ALJ reviewed Petitioner's earnings record (AR 28) and "considered all evidence," (AR 28), and the "entire record," in making his findings. Accordingly, Respondent asserted there was no error.

Soc. Security Ruling 96–8p provides that an ALJ must consider "[e]vidence from attempts to work" as part of an RFC assessment. 20 C.F.R. § 404.1529(c)(3) provides that "all of the evidence presented" will be considered, including information "about your prior work record, your statements about your symptoms, evidence submitted by your medical references, and observations by our employees and other persons." However, neither of these sources relied upon by Petitioner establish a requirement that work history must always be considered when assessing a claimant's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (the ALJ "may consider at least the following factors when weighting the claimant's credibility," of which "work record"

---

[2] The earnings record indicates that in 1999, Petitioner earned $26,231. (AR 303.) Petitioner's earnings remained above or close to that amount until 2004, when they dropped to $17,303.32. However, in 2005, Petitioner's earnings rose to $33,081.05. Thereafter, Petitioner's earnings declined until 2010, when he reported earnings of $8,019.50. Petitioner's alleged onset date was claimed to be January 11, 2010.

was one of six factors).

While a petitioner's work history may be relevant to the credibility assessment,

*Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), the Court has not located

binding Ninth Circuit authority indicating that the failure to consider work history, as a

stand-alone proposition, constitutes error requiring remand. Rather, in the cases Petitioner

cited, and that the Court has independently examined, work history may be one of several

factor. But the failure to consider each and every factor when there is substantial

evidence in the record as a whole to otherwise support the ALJ's adverse credibility

finding does not constitute error.[3]

---

[3] Upon review of each of the cases cited by Petitioner in footnote 5 of his brief, the Court concluded they do not support Petitioner's argument that failure to consider work history, standing alone, constitutes reversible error. While courts recognize that work history may be an appropriate consideration, courts have refused to disturb the ALJ's adverse credibility finding where there was other substantial evidence in support of the same. *See, e.g. Lorah v. Comm'r of Soc. Sec.*, No. 14-0749, 2015 WL 4395351 at *7 (Stating that, "while claimant is correct that there is jurisprudence from other circuits holding that a claimant with a good work record is entitled to substantial credibility when claiming that she can no longer work due to a disability, that is not the case here, where claimant had a sporadic work history with gaps in some years."); *Roberson v. Colvin*, No. 2:13–CV–197, 2015 WL 1408925 at *7 (N.D. Tx. Mar. 27, 2015) (while the court agreed the petitioner's 30-year work history should have been a consideration, the court found no error because the ALJ determined there were other reasons to find the petitioner less than fully credible); *Bradley v. Colvin*, No. 15 C 8107, 2016 WL 5928811, at *14 (N.D. Ill. Oct. 11, 2016) (work history is just one factor among many, and it is not dispositive).

However, an ALJ's failure to consider a petitioner's uninterrupted work history prior to the onset of disability, or persistence in continuing to work in spite of degenerative medical conditions, was erroneous when the ALJ conducted an inadequate review of the record, and there were other errors with regard to the ALJ's adverse credibility finding or his logic. *See Bond v. Astrue*, No. CIV.A. 09-263, 2011 WL 710207, at *14 (W.D. Pa. Feb. 22, 2011) (remanding with a directive to consider work history given the inadequate review of the medical record and resulting error with regard to the ALJ's adverse credibility determination); *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) (finding flawed logic with regard to the ALJ's express consideration of the petitioner's work history, because it failed to account for the degenerative nature of the petitioner's condition); *Springer v. Colvin*, No. 1:13CV185, 2014 WL 3075342, at

Even assuming the ALJ had afforded Petitioner some extra measure of credibility because he continued working after the injury in 1999 predating his disability onset date in 2010, the ALJ would remain justified in finding that Petitioner is not disabled based upon the reasons he set forth in his written determination. *Lorah v. Comm'r of Soc. Sec.*, No. 14-0749, 2015 WL 4395351 at *7 (W.D. La. July 16, 2015). The ALJ cited to instances in the record where Petitioner reported going hunting, shoveling snow, and driving, which the ALJ identified as activities inconsistent with allegations of severe pain

---

*7 (N.D. Ind. July 2, 2014) (ALJ's determination relies upon the "faulty premise that if impairments and/or pain were present for years and years and it did not keep Plaintiff from working then, it would not keep him from working now. This type of reasoning ignores the fact that as person gets older degeneration and disease often worsen over time"); *Hyland v. Astrue*, No. CIV. 11-1793 MJD/AJB, 2012 WL 1392959, at *10 (D. Minn. Apr. 2, 2012), report and recommendation adopted, No. CIV. 11-1793 MJD/AJB, 2012 WL 1366081 (D. Minn. Apr. 19, 2012) (finding ALJ's analisis of the medical evidence flawed and unsubstantiated by the evidence of record, and that there were other factors bolstering Plaintiff's credibility, such as her work history); *Bromback v. Barnhart*, No. 03 CIV. 4945 (NRB), 2004 WL 1687223, at *9 (S.D.N.Y. July 28, 2004) (finding error when the ALJ did not adequately discuss the portions of the record that enhanced plaintiff's credibility, such as the plaintiff's attempts to work, in light of the ALJ's failure to adequately examine the objective medical evidence); *Garrett v. Astrue*, No. 05-CV-6524 CJS, 2007 WL 4232726, at *9 (W.D.N.Y. July 18, 2007) (finding error when ALJ failed to consider work history and questioned credibility based solely on an inability to afford pain medication); Lafond v. Comm'r of Soc. Sec., No. 6:14-CV-1001-ORL-DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015) (finding error when ALJ failed to consider work history and questioned credibility based upon an inaccurate assessment of objective medical evidence and inability to afford pain medication, and work history supported Petitioner's credibility); *Stricklin v. Astrue*, 493 F. Supp. 2d 1191, 1197 (N.D. Ala. 2007) (ALJ erred in discounting petitioner's pain testimony, especially when long work history supported the petitioner's credibility); *Moncus v. Colvin*, No. 7:12-CV-76-BO, 2013 WL 4854518, at *3 (E.D.N.C. Sept. 11, 2013) (ALJ erroneously ignored the petitioner's consistent complaints of severe pain and improperly discounted the opinions of the treating physician; in such a case, the petitioner's attempts to work supported his credibility).

But where there is substantial evidence to support the ALJ's adverse credibility determination, a petitioner's work history may not be a relevant factor or the sole factor upon which to find petitioner credible.

and the inability to sit for long periods of time. (AR 31, 35, 37.) In other words, even if the Court agreed that work history should have been a consideration, credibility determinations are reserved to the Commissioner, and the Court may not substitute its judgment for that of the ALJ. Where there are other reasons supported by substantial evidence in the record to uphold the ALJ's determination, as there are here, the ALJ's failure to reference explicitly Petitioner's work history in his findings does not mean he was not aware of the history. *Roberson v. Colvin*, No. 2:13–CV–197, 2015 WL 1408925 * 7-8 (N.D. Tx. Mar. 27, 2015) ("while it would have been better for the ALJ to acknowledge plaintiff's 30-year consistent work history, the failure to reference such in his findings does not mean he was not aware of the history," and finding no error). Petitioner has not shown reversible error.

### 3.     Physician Opinions

Petitioner argues alternatively that the ALJ erred with regard to his consideration of Dr. Weber's and Dr. Head's opinions. Dr. Weber, an internal medicine specialist, treated Petitioner beginning in 2010. Her opinion indicated Petitioner was able to lift and carry less than 10 pounds occasionally, sit for 10 minutes at one time and less than 2 hours per day, stand for 20 minutes at one time and stand/walk for less than 2 hours per day. (AR 565.) In Dr. Weber's opinion, Petitioner would miss more than two days of work each month, and would require more than the typical work breaks during the day. The ALJ gave Dr. Weber's opinion limited weight because the record contained limited treatment records, and only spanned the period of September 7, 2010 through October 7,

2011; her opinions were based upon Petitioner's subjective complaints, which the ALJ had found not entirely credible (*see* AR 35); she did not order new imaging studies to assist in her treatment; and she was not a pain management specialist. (AR 35, 38.)

Dr. Head, a specialist in family medicine, performed a consultative examination on February 17, 2015. (AR 525.) In Dr. Head's opinion, Petitioner could lift and carry up to 50 pounds occasionally, sit for 30 minutes at one time and 3 hours per day, stand for 15 minutes at one time and up to one hour per day, walk for 10 minutes at one time, and up to one hour per day. (AR 529.) In his opinion, Petitioner could occasionally reach and push and pull with both upper extremities, and could frequently handle, finger and feel. The ALJ concluded Dr. Head's opinion was not entitled to controlling weight or special significance, because his opinions were based upon Petitioner's subjective complaints, which the ALJ had found not entirely credible (referencing shoveling snow, hunting, and driving); the objective examination findings were inconsistent with the opinion that Petitioner suffered from severe limitations; and his opinion was on a matter reserved to the Commissioner. (AR 37.) Petitioner argues the opinions of Drs. Weber and Head, had they been properly credited, do not support the ALJ's RFC finding.

The Ninth Circuit Court of Appeals distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating

source than to a nontreating physician. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).

Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

Upon review of the record, the Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for according little weight to the opinions of both Dr. Weber and Dr. Head. First, with regard to both physicians, the ALJ discounted their opinions because they were based upon Petitioner's own statements, and were therefore undermined by the ALJ's finding that Petitioner was

not credible. The ALJ may reject a physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been property discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

A review of both Dr. Weber's records and Dr. Head's findings indicate that their opinions largely reflected Petitioner's subjective pain complaints, which the ALJ found not credible. The ALJ cited to instances where Petitioner reported shoveling snow, hunting and driving, and to contradictions between the objective medical findings and Petitioner's subjective complaints. (AR 35, 37.) A review of the record confirms these findings are supported by substantial evidence. And, Petitioner has not specifically challenge these aspects of the ALJ's adverse credibility finding, as discussed above. Accordingly, the ALJ's adverse credibility determination supports the ALJ's rejection of Dr. Weber's and Dr. Head's opinions, because their opinions were based primarily upon Petitioner's subjective complaints.

Next, with regard to Dr. Weber, the ALJ gave her opinions regarding Petitioner's physical abilities limited weight because she was not a pain management specialist. The regulations support more weight to opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(5)). While an internist is a specialist, the ALJ noted an internist is not a specialist in the evaluation and treatment of chronic pain or depression. The ALJ also noted that another physician, Margaret Wagner who performed a consultative examination on June 28, 2012, recommended Petitioner be

evaluated by a rheumatologist or a neurologist, because Dr. Wagner had no EMG/NCV tests, x-rays, or other neurological evaluations to review. (AR 36.) Either of those specialists would have had more expertise to assess Petitioner's pain complaints.

Additionally, Dr. Weber's opinion was dated March 5, 2015, yet the only treatment records of Dr. Weber that the ALJ had available were from the period of September 7, 2010 through October 7, 2011. The ALJ specifically noted that updated treatment records were not part of the record, including the lack of any recent imaging studies. He noted he was unable to review current records which might substantiate Dr. Weber's opinions.[4] A review of the limited records from Dr. Weber confirm that they largely reflect Petitioner's subjective reports of pain, with little independent analysis or diagnosis and no objective imaging studies or other corroborating evidence, such as an orthopedic evaluation substantiating her opinions concerning Petitioner's limited range of motion. (AR 433 – 436.)

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The lack of support for Dr. Weber's opinions as reflected in the in the medical records, contrasted with the severe physical limitations set out in the questionnaire, constitutes a specific and legitimate reason for rejecting Dr. Weber's opinion about Petitioner's physical limitations.

---

[4] There was no apparent reason contained within the administrative record why there were no recent treatment records from Dr. Weber.

Turning to the additional reasons given for rejecting Dr. Head's opinion, the ALJ noted inconsistencies between the objective examination findings made by Dr. Head and the opinions he proffered. First, the ALJ pointed out that Dr. Head noted only slightly reduced muscle strength and normal sensation, but Dr. Head's opinion was that Petitioner could not perform any work. (AR 37.) Second, the ALJ noted Dr. Head recommended Petitioner use a cane for ambulation, but that Dr. Head also stated in his report that a cane was not medically necessary. And finally, the ALJ pointed out that Dr. Head's opinion was internally inconsistent, because Dr. Head's opinion Petitioner could lift and carry up to 50 pounds occasionally contradicted Dr. Head's comments about Petitioner's severe pain and Dr. Head's opinion Petitioner was significantly limited in his ability to perform past work and other jobs. (AR 36, 37, 526.) Inconsistency between a medical opinion and other objective medical evidence is a sufficiently "specific and legitimate" reason to reject medical testimony. *Norris v. Colvin*, 160 F. Supp. 3d 1251, 1273 (E.D. Wash. 2016) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)).

The final reason given by the ALJ for rejecting Dr. Head's opinion was that the doctor's opinions included one oncerning Petitioner's capacity to work, an opinion reserved to the Commissioner. (AR 37.) Dr. Head provided his opinion that Petitioner's pain would limit his ability to perform "in most jobs." (AR 526.) An ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is not required to attach any special significance to the source of an opinion on issues reserved

to the Commissioner, such as Dr. Head's statement that Petitioner would be unable to work in most jobs. 20 C.F.R. § 404.1527(d)(3).

Review of the record indicates that the ALJ gave specific and legitimate reasons, supported by substantial evidence, for rejecting the opinions of both Dr. Weber and Dr. Head. The ALJ did not commit legal error in deciding to give little weight to the opinions of Petitioner's treating physician and the consultative examiner.

The ALJ instead credited the opinions of the two non-treating, non-examining medical sources, Drs. Dickey and Spackman. (AR 38.) The ALJ found their opinions to be consistent with the available medical evidence, well-reasoned, and internally consistent. Accordingly, the ALJ gave their opinions concerning Petitioner's physical limitations significant weight.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is

not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the

petition for review is **DISMISSED**.

DATED: March 21, 2018

Honorable Candy W. Dale
United States Magistrate Judge